Exhibit 1

BALLOON SECURED PROMISSORY NOTE

$28,718.25

NARRAGANSETT, RHODE ISLAND
May 5, 2006

FOR VALUE RECEIVED, the undersigned, Undersea Exploration, Inc., having an address at P.O. BOX 3813, NEWPORT, RI 02840, (hereinafter called the "Maker"), promises to pay to RHODE ISLAND ENGINE CO., INC. (hereinafter called the "Lender"), or to its order, the principal sum of Twenty Eight Thousand Seven Hundred and Eighteen Dollars and 25/1000 ($28,718.25), together with interest in the amount of arrears at the rate of Nine Percent (9%) per annum as follows:

Repayments Terms: Maker shall make monthly payments of $3,000.00 per month towards principal and interest. Said monthly payments shall commence to be due and payable on the 5th day of June 2006 and shall continue to become due and payable on the 5th day of each and every consecutive month thereafter during the remaining term hereof. All remaining amounts of principal and interest shall be due and payable on May 5, 2007. The final payment shall consist of the entire balance of the funds due to Lender, whether for principal, interest, and/or any and all other sums due and payable pursuant to the terms and conditions of this Note.

In the event that this Note is not paid in full within sixty (60) days hereof, Maker hereby agrees that interest rate on the outstanding balance will increase and will accrue on this Note at a rate of Eighteen (18%) percent for the remainder of the term hereof.

Upon the occurrence of (which events shall be an Event of Default hereunder):

(i) the failure of Maker to make any payment of principal or interest hereunder within ten (10) days after the same is due, or

(ii) an Event of Default as described and defined in the Mortgage or in any of the instruments evidencing any indebtedness of the Maker to the Lender (hereinafter collectively the "Security Instruments"), and the expiration of any period provided in such instrument to cure such default,

then the holder hereof may declare the entire unpaid principal balance hereunder immediately due and payable without notice, demand or presentment and may exercise any of its rights under the Mortgage or the Security Instruments. In the event that the Lender or any subsequent holder of this Note shall exercise or endeavor to exercise any of its remedies hereunder or under the Mortgage or the Security Instruments, the Maker shall pay on demand all reasonable costs and expenses incurred in connection therewith, including without limitation, reasonable attorney's fees and the Lender may take judgment for all such amounts in addition to all other sums due hereunder. Irrespective of the exercise or non-exercise of any of the aforesaid rights, if any payment of principal or interest hereunder is not paid in full within ten (10) days after the same is

due, the Maker shall pay to the holder a processing fee on such unpaid amount equal to five percent (5%) of such late payment.

This Note may be prepaid in whole or in part without penalty.

The Maker waives presentment for payment, protest and demand, and notice of protest, demand and/or dishonor and nonpayment of this Note, notice of any event of default under the Mortgage or Security Instruments except as specifically provided therein, and all other notices or demands otherwise required by law that the Maker may lawfully waive. The Maker expressly agrees that this Note, or any payment hereunder, may be extended from time to time, without in any way affecting the liability of the Maker. No unilateral consent or waiver by the Lender with respect to any action or failure to act which, without consent, would constitute a breach of any provision of this Note shall be valid and binding unless in writing and signed by the Lender.

The rights and obligations of the Maker and all provisions hereof shall be governed by and construed in accordance with the laws of the State of Rhode Island, except to the extent that such laws are superseded by Federal enactments.

In the event one or more of the provisions of this Note shall for any reason be held to be invalid, illegal or unenforceable, in whole or in part or in any respect, such provision or provisions only shall be deemed null and void and shall not affect any other provision of this Note, and the remaining provisions of this Note shall remain operative and in full force and effect and shall in no way be affect, prejudiced or disturbed thereby.

All agreements between the Maker and the Lender are hereby expressly limited so that no contingency or event whatsoever, whether by reason of acceleration of maturity of the indebtedness evidenced hereby or otherwise, shall the amount paid or agreed to be paid to the Lender for the use, forbearance or detention of the indebtedness evidenced hereby exceed the maximum permissible under applicable law. As used herein, the term "applicable law" shall mean the law in effect as of the date hereof, provided, however, that in the event there is a change in the law which results in a higher permissible rate of interest, then this Note shall be governed by such new law as of its effective date. In this regard, it is expressly agreed that it is the intent of Maker and Lender in the execution, delivery and acceptance of this Note to contract in strict compliance with the laws of the State of Rhode Island from time to time in effect. If, from any circumstance whatsoever, fulfillment of any provision hereof or of any of the Security Instruments at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, then the obligation to be fulfilled shall automatically be reduced to the limit of such validity, and if from any circumstances the Lender should ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to the reduction of the principal balance evidenced hereby and not to the payment of interest. This provision shall control every other provision of all agreements between the Maker and the Lender.

Specifically and without limiting the generality of the forgoing, it is expressly provided that:

(i) In the event of voluntary prepayment of this Note or payment prior to the normal maturity date hereof resulting form acceleration of maturity of this Note, if the aggregate amount of interest and any other compensation taken by Lender for services or expenses incidental to the making, negotiation or collection of the loan evidenced hereby would exceed the maximum amount of interest which could lawfully be charged on the net proceeds of the loan evidenced by this Note from time to time remaining unpaid from the date hereof to the date of final payment thereof, then in such event the amount of such excess shall be credited toward the payment of principal of this Note so as to reduce the amount of the final payment of principal due on this Note; and

(ii) If under any circumstances the aggregate amount paid on this Note prior to and incident to final payment hereof include amounts which by law are deemed interest and which would exceed the maximum amount of interest which could lawfully have been collected on this Note, the Maker stipulates that such payment and collection will have been and will be deemed to have been the result of mathematical error on the part of both the Maker and holder of this Note, and the party receiving such excess payments shall promptly refund the amount of such excess (to the extent only of such interest payments above the maximum amount which could lawfully have been collected and retained) upon discovery of such error by the party receiving such payment or notice thereof from the party making such payment.

This Note shall be secured by First Preferred Ship's mortgage of even date (the "Mortgage" on that certain Vessel named "Seeker" bearing Official Number 653988 (hereinafter the "Vessel").

Proof of insurance obtained by the Maker on the Vessel in an amount satisfactory to the Lender shall be provided to Lender within upon the execution of this Note and which shall name the Lender at its address of P.O. BOX 543 NARRAGANSETT, RI 02882, as mortgagee, loss payee and additional insured as its interests may appear and provide for not less than fifteen (15) days advance notice to the Lender of cancellation or nonrenewal thereof.

Maker hereby specifically warrants, covenants, and agrees that Lender shall be granted a first position ship's mortgage on the subject Vessel, and specifically hereby agrees that if in any event any mortgage or lien shall be prior to or obtain priority over the mortgage granted by Maker to Lender securing this Note, the existence thereof shall constitute an Event of Default hereunder.

Any notices to be mailed to Lender should be sent by certified mail, return receipt requested to Rhode Island Engine Company, Inc., P.O. BOX 543 NARRAGANSETT, RI 02882, Attention: Barry P. Gallup, Jr. or such other address as the Lender may request in writing. Any notice to be sent to the Maker should also be sent by certified mail, return receipt requested, to Maker at PO BOX 3813 NEWPORT, RI 02840, Attention: Michael Jensen, or such other address as the Maker may request in writing.

Lender may assign, transfer, or negotiate this Note or all of its right, title and interest in and to this Note and any security for the performance of Maker's obligations, and in such event all of the provisions of this Note shall inure to the benefit of and may be exercised by or on behalf of the assignee, transferee, or successor Lender, and all payments of principal and of interest due and to become due under this Note shall not thereafter be subject to any defense, counterclaim or set-off which the Maker may have against the Lender.

No renewal or extension granted, or any indulgence shown to, or any release of, or any dealing between a holder hereof and any other person, corporation or entity now or hereafter interested herein or in the property securing this Note, whether as owner, encumbrancer, guarantor, or otherwise, shall discharge, extend or in any way affect the obligations of Maker hereunder, or any other person, corporation or entity now or hereafter liable, absolutely or contingently, for the payment of the whole or any part of this Note.

Make agrees to pay any and all costs of any nature whatsoever, including reasonable attorney's fees, incurred in the collection and/or enforcement of any provision of this Note or any document securing this Note executed simultaneously herewith. The Maker also waives trial by jury in any action brought on or with respect to this Note, any documents securing the same, or any other agreements executed in connection herewith.

Further, default shall occur if any attachment, lien, or additional security instrument or instruments be placed upon the property which is the security for this Note and the same is not removed within thirty (30) days or default will occur if there be acquisition at any time or from time to time of title to the whole or any part of the property which is the security for this Note by any person, partnership or corporation or entity other than the undersigned. Then if any of the foregoing events occur, the entire balance of principal and interest then unpaid shall, at the option of the holder, become due and payable forthwith without presentment, notice, protest or demand at any time, all of which are expressly waived by the undersigned.

After the maturity of this Promissory Note or the occurrence of any Event of Default hereunder, to the extent permitted by law, the rate of interest hereunder shall, at the option of Lender be increased to five (5%) percent over the contract rate of interest set forth above.

**IN WITNESS WHEREOF**, the Maker has duly executed this Note as of the date and year first above written.

**WITNESS:**

______________________

Undersea Exploration, Inc.

By: ______________________
Michael Jensen, President