Exhibit 2

This Preferred Mortgage, on the vessel (s): SEEKER

Official Number: 653988 Date: May 5, 2006

Amount of Mortgage: $28,718.25

UNDERSEA EXPLORATION INC (Sole Owner)
hereinafter called "Owner" to

Rhode Island Engine Company, Inc. P.O. Box 543, Narragansett, RI 02883
hereinafter called "Mortgagee".

Witnesseth:

Whereas, the maker, Mortgagor herein, is the sole owner of the whole of the vessel (if more than one vessel is mortgaged hereunder, the term "all" means each such Vessel) hereinafter named and described, and is justly indebted to the Mortgagee, as evidenced by promissory note dated May 5, 2006 in the principal amount of $28,718.25 (the "Note") payable to the order of Mortgagee as follows: Payable with such maturity, and with such rate of interest, and with such further terms and conditions all is therein provided, and has agreed to give this Mortgage as security, and has authorized and directed the execution and delivery hereof.

NOW, THEREFORE, in consideration of the promises herein contained, and for other good and valuable considerations, receipt of all which is hereby acknowledged, and to secure payment of said indebtedness and interest and other sums that hereafter may become due pursuant hereto and the performance of all covenants hereof, Owner by these presents mortgages and conveys unto Mortgagee, its successors and assigns, the whole of the Vessel named below and further described in her (their) last marine document (s) issued and identified as follows:

| Name | Official Number |
|---|---|
| SEEKER | 653988 |

together with all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies and all fishing and other appurtenances and accessories and additions, improvements and replacements now and hereafter belonging thereto, whether or not removed there from, all of which shall be deemed to be included in the term "vessel" herein, including, if applicable, all fishing permits and catch records and fishing history, and said document (s) being deemed included herein by reference:

TO HAVE AND TO HOLD all and singular the above described vessel unto Mortgagee, its successors assigns forever;

PROVIDED, HOWEVER, that if Owner, his heirs, executors, administrators or its successors or assigns shall perform and observe all and singular the terms, covenants and agreements herein, then this Mortgage shall cease, otherwise to remain in full force and effect.

Nothing herein shall be deemed or construed to subject to the lien hereof any property other than a vessel as the term us used in Chapter 313 of Title 46, United States Code, as amended.

Owner agrees to pay said indebtedness with interest thereon as herein and in said note provided, and to perform and observe the further terms, covenants, and agreements herein, and to hold the subject thereto.

**Article I. – Particular covenants of Owner**

Owner Covenants as follows:

1. Owner is and shall continue to be a citizen of the United States entitled to own and operate the Vessel under her marine document, which Owner shall maintain in full force and effect; and all action necessary for the execution, delivery and validity hereof and of said note has been duly taken. If a corporation, Owner is duly organized and is and shall continue to be good standing under the laws of the State of Rhode Island and authorized to do business and in good standing in any other State wherein Owner regularly does business.

2. Owner lawfully owns and possesses the vessel free from all liens and encumbrances whatsoever except as may herein below be specified and shall warrant and defend title to an possession of all and every party thereof for the benefit of Mortgagee against all persons whomsoever. Owner shall not set up against Mortgagee and/or any assignee under any past or future transactions.

3. Owner shall at his (its) own expense, keep the vessel fully and adequately insured under usual full marine insurance with policy valuation not exceeding the amount insured and, in the aggregate as to all vessels mortgaged herein, at least in the amount 110% of the unpaid principal balance of this mortgage, and shall maintain insurance to cover protection and indemnity risks, tower's liability risks if the vessel performs towage, employees' compensation and/or other risks and liabilities from time to time specified by Mortgagee. All insurance shall be taken out in the name of the Owner and shall its terms be payable to the mortgagee for account of Mortgagee and Owner as their respective interest may appear, and all policy forms, underwriters and amounts shall be subject to Mortgagee's approval. Owner shall notify, and shall request underwriters to provide reasonable advance notice to Mortgagee in no case less than 10 days of any cancellation of other material changes in any insurance coverage. All policies, binders and cover notes shall be delivered to Mortgagee with evidence satisfactory to it that all premiums and other charges therefore have been fully paid. Owner shall maintain all such insurance unimpaired by any act, breach of warranty or otherwise. The insurance shall provide that the Mortgagee be paid in the event of loss, not withstanding any breach of warranty.

4. Owner shall comply with and not permit the vessel to be operated contrary to any provisions of the laws treaties, conventions, rules, regulations or orders of the United States, any State and/or any other jurisdiction wherein operated, and/or of any department agency intent of returning, nor abandon the vessel in any foreign port. Owner

shall do everything necessary to establish and maintain this Mortgage as a First Preferred Mortgage on said vessel.

5. Neither the Owner, Agent nor Master of the vessel has or shall have any right, power or authority to create, incur or permit to be placed or imposed on the vessel or any part thereof any lien whatsoever other than to the Mortgagee or for crew's wages or salvage.

6. Owner shall place and keep prominently in the pilot house (if any), chart room or Master's cabin or elsewhere on the Vessel as specified by Mortgagee any notice of this Mortgage required by Mortgagee, and shall keep a proper copy hereof with the Ship's papers and exhibit the same to all persons having business with the vessel, and to Mortgagee on demand.

7. Owner shall pay when due all taxes assessments, government charges, fines and penalties lawfully imposed and promptly discharge any and all liens whatsoever upon the vessel. Owner shall at his (its) own expense at all times maintain the vessel in thorough repair and working order and shall make all proper renewals and replacements.

8. If the vessel shall be libeled, attached, detained, seized or levied upon or taken into custody under process or under color of any authority, Owner shall forthwith notify Mortgagee by telegram, confirmed by letter and forthwith obtain the discharge or release the vessel therefrom, any in any event within fifteen (15) days after such libel, attachment, detention, seizure, levy or taking into custody.

9. Owner shall at all times afford Mortgagee complete opportunity to inspect the vessel and cargoes and papers thereof, and to examine Owner's related accounts and records: and shall certify quarterly and, if Mortgagee requests, monthly, that all wages and all other claims whatsoever which might have given rise to lien upon the vessel have been paid.

10. Owner shall not, without prior written consent of Mortgagee, sell or mortgage the vessel or any interest therein nor charter her except to persons and for uses lawful for American vessels and then only provided said insurance be unaffected thereby or adequately replaced: nor, if a corporation:, merge or consolidate with any other person, firm or corporation, or dissolve.

11. From time to time Owner shall execute and deliver such other and further instruments and assurance as in the opinion of Mortgagee's counsel may be required to subject the vessel more effectually to the lien hereof and to the payment of said indebtedness and for operation of the vessel as herein provided, and to effectuate sales as provided in paragraph (C) of Section I of Article II.

12. The Mortgagor will reimburse the Mortgagee promptly for any and all expenditures, which the mortgagee may elect to make form time to time to protect the security granted hereunder in the event of the Mortgagor's failure to do so, (hereafter

"Advance") including, with limitation of the foregoing, payment of taxes repairs, insurance premiums, the discharge of any lien, libel or seizure of the Vessel, and expenses, including attorney fees, incurred by the Mortgagee in retaking or selling the Vessel; and any such Advance made by the Mortgagee shall be for the account of the Mortgagor, and the making thereof by the Mortgagee shall not cure the Mortgagor's default in that regard nor constitute a waiver of any right or remedy granted to the Mortgagee hereunder, and all sums so expended by the Mortgagee or any liability incurred by it shall be deemed to be an indebtedness of the Mortgagor and secured by this Mortgage, until paid shall bear interest at the annual rate of interest provided in the note.

**ARTICLES II. – DEFAULT**

1. In any one or more of the following events, herein termed "events of default," viz:

(a) Default in the punctual payment of the principal of the note secured hereby or any installment hereof, or in the due and punctual performance of any provision of Sections 3,4,5,6,8, and 10 or Article I hereof and the continuance of such default for ten (10) days after notice thereof from Mortgagee, or attempt to violate Sections 4 or 10 of Article I hereof, or default continuing for fifteen (15) days in the performance of any other covenant herein; or

(b) Commission of and act of bankruptcy by Owner or approval by any court of a petition or answer asking for reorganization, arrangement, extension or other relief under any bankruptcy law; or appointment or of receiver for Owner or any Owner's property or the taking of any court of any action comparable thereto; or rendition of a final judgment against Owner for the payment of money and failure of Owner to discharge the same within ninety (90) days or stay the execution thereof pending appeal; or Mortgagee's conclusion in good faith at any time that, through actual or prospective impairment of Owner's net current asset position, net worth, asset-liability ratio, or earnings, or through prospective violation or any provision of this Mortgage, Mortgagee is in danger of losing said debt or any part thereof, by delaying collection thereof until the time above limited for the payment thereof;

(then, and in every such case, Mortgagee may)

(A) Declare the principal of said note and all accrued interest thereon to be and they shall then become and be due and payable for with, after which they shall bear interest at the highest legal rate per annum.

(B) Recover judgment for, and collect out of any property of Owner, any amount thereby or otherwise due hereunder; and / or collect all earned charter hire and freight monies relating to services performed by the vessel, Owner hereby assigning to Mortgagee such earned charter hire and freight monies then owing; and / or

(C) Retake the vessel without legal process at any time wherever the same may be, and without being responsible for loss or damage, hold and in Mortgagee's or in Owner's name lease, charter, Operate or otherwise use the vessel for such time and on such terms as the Mortgagee may deem advisable, being accountable for net profits, if

any, and with the right dock the vessel free of charge at Owner's premises or elsewhere at Owner's expense; and / or sell the vessel, free from any claim by Owner premises or elsewhere at Owner's expense; and / or sell the vessel, free from any claim by Owner of any nature whatsoever, in the manner provided by law; to the extent permitted by law, such sale may be public or private without notice, without having the vessel present, and / or Mortgagee may become the purchaser.

For such purpose Mortgagee and its agents are hereby irrevocably appointed the true and lawful attorneys of Owner in his (its) name and stead to make all necessary transfers of the vessel thus sold.

2. In the event that the vessel shall be arrested or detained by any office of any court or by any other authority, Owner hereby authorizes Mortgagee, its officers, representatives and appointees, in the name of the owner or of Mortgagee, to receive or to take possession thereof, and to defend any action and / or discharge any lien.

3. Each and every power or remedy herein given to Mortgagee shall be cumulative, and in addition to all powers or remedies now or hereafter existing in admiralty, in equity, at law or by statute, and may be exercised as often as may be deemed expedient by Mortgagee. No delay or omission by Mortgagee shall impair any right, power or remedy, and no waiver of any default shall waive any other default. In any suit Mortgagee shall be entitled to obtain appointment of a receiver of the vessel and the earnings thereof, who shall have full rights and power to use and operate the vessel, and to obtain a decree ordering and directing the sale and disposition thereof.

4. The net proceeds of any judicial of other sale, and any charter, management, operation or other use of the vessel by Mortgagee, or any claim for damages, or any judgment, and any insurance received by Mortgagee (except to the extent paid to Owner or applied in payment of repairs or otherwise for Owner's benefit) shall be applied as follows:

FIRST: To the payment of all attorney's fees, court costs, and any other expenses, losses, charges, damages incurred or advances made by Mortgagee in the protection of its rights or caused by Owner's default hereunder or under the note secured hereby, with default interest at the highest legal rate per annum; and to provide adequate indemnity against any liens for which priority over this Mortgage is claimed;

SECOND: To the payment of all interest accrued to date of payment on the note and any or all other sums secured hereby, and as to any balance of such proceeds, to the payment next of any or all matured installments of principal and then of any or all unmatured installments of principal in the inverse order of their maturity.

Mortgagee shall be entitled to collect any deficiency from Owner. Owner shall be entitled to any surplus, subject to set-off in favor of Mortgagee for any other indebtedness of Owner.

5. All Advances which Mortgagee in its discretion may make, including payments for repairs, insurance, payment of liens or other claims, defense of suits, or for any other purpose whatsoever related hereto or to said note and all damages sustained by Mortgagee

because of defaults, shall be repaid by Owner on demand with interest at highest legal rate per annum, and until so paid shall be a debt due from Owner to Mortgagee secured by the lien hereof. Mortgagee shall not be obligated to make an such Advances, nor shall the making thereof relieve Owner of any obligation or default with respect thereto:

**ARTICLE III.** – Possession Until Default

Until one or more of the events of default herein before described, Owner shall be permitted to retain actual possession and use of the vessel.

**ARTICLE IV.** – Sundry Provisions

All covenants and agreements of Owner herein contained shall bind Owner, his heirs, executors, administrators and assigns, or its successors and assigns, and shall insure to the benefit of Mortgagee and is successors and assigns. Following any assignment hereof, any reference herein to "Mortgagee" shall be deemed to refer to the assignee. If more than one person is the owner herein, "his" shall mean "their", if the owner is a corporation, the word "His" shall be construed to mean corporation

FUTURE ADVANCES This mortgage is executed for the purpose of securing not only the payment of the above described note but also to secure all future Advances made by the holder of said note to the mortgagor; and said mortgage shall remain in full force and effect to secure all future Advances and all renewals or extension of the above described note.

**ARTICLE V.**

For the purpose of Chapter 313 of Title 46, United States Code as amended, the amount of this mortgage is $28,718.25

**IN WITNESS WHEREOF, THE MORTGAGOR** has executed this mortgage the day and year first written above. Owner has executed this Mortgage or, if a corporation, has caused this Mortgage to be executed in its name and by its proper officer (s) thereunto duly authorized company name.

UNDERSEA EXPLORATION INC.

By: [signature]

Michael Jensen, President

**ACKNOWLEDGMENT**

**STATE OF RHODE ISLAND** **COUNTY OF WASHINGTON**

Be it known, that personally appeared before me Michael Jensen, in his capacity as President of Undersea Exploration, Inc. to me known to be the person (s) described herein and who executed the within instrument as his/her/their free act and deed and the free act and deed of UNDERSEA EXPLORATION INC.

IN TESTIMONY WHEREOF, I have hereunto set my hand this 5th day of May 2006.

[signature]

Notary Public

Commission Expires: 10-22-08